T.C. Memo. 2006-206

UNITED STATES TAX COURT

GARY M. JADRO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11148-04.                    Filed September 25, 2006.

    P failed to file a Federal income tax return for
2000.  R determined a deficiency and additions to tax
pursuant to secs. 6651(a)(1) and (2), and 6654, I.R.C.
The parties settled all issues raised in the notice of
deficiency with the exception of P's liability for the
sec. 6651(a)(1), I.R.C., addition to tax.

    <u>Held</u>: P is liable for an addition to tax pursuant
to sec. 6651(a)(1), I.R.C.

Gary M. Jadro, pro se.

<u>Lauren B. Epstein</u> and <u>Francis Mucciolo</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, <u>Judge</u>: Respondent determined a Federal income tax

deficiency for petitioner's 2000 taxable year in the amount of $50,729, and additions to tax pursuant to section 6651(a)(1) and (2) of $11,414.02 and $4,819.25, respectively, and pursuant to section 6654 of $2,728.40.[1]  Subsequently, the parties reached a partial settlement under which petitioner is liable for a reduced tax deficiency of $13,170 and is not liable for additions to tax pursuant to sections 6651(a)(2) and 6654.  The remaining issue for decision is whether petitioner is liable for the addition to tax pursuant to section 6651(a)(1) for the 2000 taxable year.

## FINDINGS OF FACT

At the time this petition was filed, petitioner resided in St. Cloud, Florida.

During 2000, petitioner received $45 in dividends, $1,009 of interest income, and $7,735 of gross rental income.  Also in 2000, petitioner sold a piece of commercial property for $293,000, which generated $91,314.90 in cash proceeds and a gain for petitioner.  In addition, petitioner engaged in numerous stock sales and received proceeds totaling $176,717.

In 2001 petitioner went to an Internal Revenue Service (IRS) office in Paramus, New Jersey, for help filling out his tax return and was instructed to call a toll-free phone number because in person help was not available for Form 1040 Schedule

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the year in issue.

D, Capital Gains and Losses. Petitioner contends that he was unable to follow the instructions he received over the telephone and needed to be shown in person how to fill out his tax return. Petitioner did not file a tax return for 2000.

Respondent issued a notice of deficiency on March 22, 2004, determining the deficiency and additions to tax set forth above. Petitioner filed a timely petition disputing the deficiency and additions to tax.

OPINION

I.   Contentions of the Parties

Petitioner contends that he believed he was not required to file a Federal income tax return for 2000 because he did not generate sufficient income. Petitioner further contends that he is unable to file a Federal income tax return for 2000 due to his inability to understand and complete the requisite forms and lack of help from the IRS in completing the forms. Petitioner also asserts that his deteriorating financial condition prevented him from seeking professional assistance.

Respondent contends that petitioner knew that he was required to file a Federal income tax return for 2000 because of interest income, rental income, and gain from the sale of stock and a commercial property. Respondent further contends that petitioner was capable of completing a Federal income tax return for 2000. Petitioner knew the amount he paid for the commercial

property and stock, as well as the amount of the sales proceeds, and from prior returns could have determined the depreciation allowed or allowable.

II.  Addition to Tax

The Commissioner bears the burden of production in any court proceeding with respect to an individual's liability for penalties or additions to tax.  Sec. 7491(c).  To meet this burden, the Commissioner must present "sufficient evidence indicating that it is appropriate to impose the relevant penalty" or addition to tax.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  In instances where an exception to the penalty or addition to tax is afforded upon a showing of reasonable cause, the taxpayer bears the burden of showing such cause.  Id. at 446-447.

Section 6651(a)(1) imposes a 5-percent addition to tax for each month or portion thereof a required return is filed after the prescribed due date, not to exceed 25 percent in the aggregate, unless such failure to file timely is due to reasonable cause and not due to willful neglect.  Although not defined in the Code, "reasonable cause" is described by the applicable regulations as the "exercise of ordinary business care and prudence".  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.; see also United States v. Boyle, 469 U.S. 241, 246 (1985). "[W]illful neglect" is interpreted as "a conscious, intentional

failure or reckless indifference." United States v. Boyle, supra at 245. "Whether the elements that constitute 'reasonable cause' are present in a given situation" to excuse a failure to file timely is a question of fact. Id. at 249 n.8 (emphasis omitted).

The Court concludes that respondent's burden of production has been met. Petitioner admits that he had sufficient gross income to require the filing of a Federal income tax return and that he never filed his 2000 tax return. The burden then shifts to the taxpayer to prove both that the failure to file was not due to willful neglect and that such failure was due to reasonable cause. Id. at 245.

Reasonable cause denotes an absence of fault. Id. at 247 n.4. A taxpayer must prove that his failure to file timely was the "result neither of carelessness, reckless indifference, nor intentional failure." Id. "Generally, factors that constitute 'reasonable cause' include unavoidable postal delays, death or serious illness of the taxpayer or a member of his immediate family, or reliance on the mistaken legal opinion of a competent tax adviser, lawyer, or accountant that it was not necessary to file a return." Marrin v. Commissioner, 147 F.3d 147, 152 (2d Cir. 1998), affg. T.C. Memo. 1997-24. These factors are inapplicable here.

The Court is convinced that initially petitioner acted as a reasonable and prudent business person and put forth reasonable

efforts to fill out and file his tax return. Petitioner sought help from the IRS both in person and telephonically and produced at trial tax forms he attempted to fill out based on the telephonic advice and the forms' instructions. However, initial reasonable cause may not exist indefinitely. At some point petitioner ceased acting as a reasonable and prudent business person because he terminated his active efforts to comply with the law and never filed his 2000 tax return. Notably, the record does not reflect that petitioner applied to respondent for an extension of time to file his 2000 tax return.

Petitioner also contends that he did not file his 2000 return because he mistakenly believed he did not generate sufficient income. Petitioner's belief, without any confirmation from a knowledgeable tax adviser, that no tax is due or that petitioner is entitled to a refund does not constitute reasonable cause. Ferguson v. Commissioner, T.C. Memo. 1994-114.

Although the Court is sympathetic to petitioner and the circumstances of his case, the Court concludes that petitioner has not demonstrated reasonable cause for failing to file his 2000 tax return. Therefore, the Court sustains the imposition of an addition to tax pursuant to section 6651(a)(1).

The Court has considered all of petitioner's contentions, arguments, requests, and statements. To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing and concessions made,

Decision will be entered

under Rule 155.